GEORGE JONES,

*vs.*

JOHN RANDEL, Jr, and LETITIA his wife, WALTER WILLIAM-
SON and MARY MATILDA his wife, and SARAH
ANN ERWIN.

*New Castle, Feb. T.* 1865.

A trustee of a fund in which his wife, with others, was interested, having
failed to pay over money collected by him on account of the fund—
*held,* that the wife's share of other money, received by a succeeding
trustee on account of the trust fund, was not liable for the unpaid
shares of the other *cestuis que trust* in the money collected by her hus·
band.

In such case, the husband's failure to pay over the money collected by
him cannot be taken to be a *reductio ad possessionem* of the wife's
share of trust funds then uncollected.

The wife's *chose in action,* not reduced into the husband's possession,
cannot be taken for the payment of his debt, at law or in equity.

Property of the wife cannot, in equity, be taken for payment of the hus-
band's debt, without subjecting it to her equity, which, under the cir-
cumstances of this case, was sufficient to protect the whole fund.

BILL OF INTERPLEADER.—Sarah Dawson, by her will made
in 1822, bequeathed the residue of her estate, consisting of
certain lands, stocks and other property to her executor,
in trust for sundry legatees for life, and after the expira-
tion of the life estates, then to be divided equally between
her three nieces, two of them being the wives respective-
ly of John Randel, Jr. and Walter Williamson, and the
other a widow, Sarah Ann Erwin. John Randel Jr, after
an intervening executorship, became the administrator c.
t. a., and the trustee of the property; but in 1855 he was

removed from the trusteeship,and the complainant appointed in his place. On the settlement of Randel's administration accounts he was found indebted to the trust estate. to the amount of $1746.64, which was never applied to the objects of the trust. The life estates having expired; the fund became payable in equal shares to Mrs. Randel, Mrs. Williamson and Mrs. Erwin. The complainant, the succeeding trustee, has now in hand $4800 of the trust fund, with some accrued dividends, divisible in like manner.

Randel's administration bond is barred by the statute of limitations,and he is insolvent. Under these circumstances, Mrs. Williamson and Mrs. Erwin claim that in the distribution of the fund in the complainant's hands,Mrs. Randel shall be charged with the sum of $1746.64, received by her husband and not paid over, insisting that Randel's failure to pay was equivalent to an application of the money in his hands towards payment of so much of his wife's share of the whole trust fund. Mrs. Randel claims her full share of the fund now to be distributed, contending that Randel's liability as trustee was for his own debt, which might have been recovered by timely proceedings on his bond, and that her portion of the trust fund ought not to be liable for it.

The cause came before the Chancellor on a bill of interpleader filed by the complainant, and upon answer of the defendants, setting up their respective claims as above stated, and was heard at the Feb. T. 1865.

*J. C. Patterson,* for the complainant, and also representing Mrs. Williamson and Mrs. Erwin.

*G. B. Rodney,* for Mrs. Randel.

HARRINGTON, CHANCELLOR.—The claim of Mrs. Williamson and Mrs. Erwin proceeds upon the ground that Randel,by retaining the money coming to his hands on account

of the trust fund, must be taken to have applied it to his wife's interest in the whole fund. But, it is to be considered that at the time Randel received his part of the fund the proceeds afterward accounted for by the complainant, the succceeding trustee, were not due to the legatees, and Randel could not then so apply the fund in his hands, as is insisted. The case presented is, therefore, that of a creditor demanding a wife's *chose in action*, not yet reduced into possession, in payment of her husband's debt. This is not allowable, either at law or in equity.

Again, a court of equity would not allow a creditor of the husband to take the wife's property, coming to her independently of the husband, in payment of his debt, without subjecting it to the wife's equity; and her equity in such a case as this would protect the whole fund.

Let a decree be entered that the complainant divide the fund equally between the legatees, after deducting the costs.